REGAN, Judge.
Floyd F. Hinson has appealed suspensive-3y from a judgment which denied his motion to stay proceedings in the Succession of Jourdan Powell Hinson, his father, until the estate of his mother can be opened in Texas, and ancillary proceedings in her succession instituted in the Civil District Court for the Parish of Orleans.
His brothers, Billy and Charles F. Hin-son, also heirs of their father, filed a motion in this court to dismiss the appeal, asserting that we are powerless to review an interlocutory judgment. Appellant, conceding the interlocutory nature of the decree, argues that the appeal nonetheless is proper *261 since a dismissal thereof will cause irreparable injury.
In order to determine whether we should review the interlocutory judgment, we are relegated to a consideration of the facts hereinafter set forth.
Appellant was appointed dative testamentary executor of his father’s estate on September 10, 1959. In this capacity, he obtained permission from the court to sell one piece of immovable property, in which the estate possessed an undivided one-half interest. The other half thereof belonged to appellant’s mother, Myrtle D. Hinson. More than two years after the sale, the executor was ordered by the court to render an accounting, which reflected that the net proceeds from the sale of this property, the only asset of the succession, amounted to the sum of $9,750.65.
In October of 1962, Floyd Hinson was removed as executor of the estate, and in his place, the court appointed, as executor, The National American Bank.
A short time thereafter, Floyd Hinson applied to the district court and requested the issuance of an order staying further proceedings in the succession of his father. This was necessary, he alleged, because his mother, in the meantime, had died in the state of Texas; therefore, his father’s estate should not be settled until he had an opportunity to institute, in Texas, probate proceedings in connection with his mother’s succession, and to file ancillary proceedings in Louisiana to determine ownership of her assets here. He further asserted that his mother, by virtue of her last will, had disinherited Billy and Charles Hinson, and in addition thereto that Charles was indebted unto his mother’s estate in the sum of $1,-800.00, while Billy owed the estate $2,230.-00. Appellant rationalizes that these amounts should be deducted from his broth-^ ers’ interest in the father’s estate, otherwise he will encounter difficulties in enforcing a judgment against them since they are not residents of Louisiana.
Predicated on the foregoing facts, we are of the opinion that the judgment dismissing appellant’s motion to stay will not cause an irreparable injury, from which he is entitled to judicial protection. The succession of Jourdan Hinson is a separate and distinct cause of action from the ancillary proceedings that the appellant proposes to institute in Louisiana in conjunction with his mother’s estate. The rights of Billy and Charles Hinson as heirs of their father cannot be affected by the alleged fact that their mother disinherited them, or by a claim that they are debtors of her estate.
Appellant, via a motion to stay, in effect is endeavoring to attach his brothers’ interest in their father’s estate without posting bond or incurring potential liability for wrongful attachment.
The estate is now under the administration of a competent executor, and the part thereof that was appellant’s mother’s property in her own right cannot be distributed until the proper legal formalities are complied with.
For the reasons assigned, the motion to dismiss this appeal is sustained at appellant’s cost.
Motion to dismiss sustained.